UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| LYNDON SCHEVECK, | Case No.: 1:16-CV-00036-EJL-REB |
|---|---|
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| THE CITY OF BOISE CITY, DAVID G. FREDERICK, DAVID S. KAURIN, JACOB M. NORMAN, and ANDREW T. HILTON, | |
| Defendants. | |

Now pending before the Court is Defendants' Motion to Dismiss (Dkt. 9). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Report and Recommendation:

## **REPORT**

### I. Background

On January 22, 2016, Plaintiff Lyndon Scheveck ("Scheveck") filed a complaint alleging that the City of Boise and Boise Police Department Officers David Frederick, David Kaurin, Jacob Norman, and Andrew Hilton violated his constitutional rights pursuant to 42 U.S.C. § 1983. Compl. (Dkt. 1), ¶ 4. The complaint alleges that on January 26, 2013, sometime after midnight, Scheveck was pulled over by Boise Police officer David Frederick ("Frederick") for an alleged failure to properly change lanes. *Id*. at ¶ 5. Frederick inquired whether Scheveck had been drinking, which Scheveck denied. *Id*. Frederick requested to perform a field sobriety test on Scheveck. *Id*. Scheveck refused and Frederick placed him under arrest. *Id*. Frederick and

**REPORT AND RECOMMENDATION- 1**

other officers searched Scheveck's vehicle and did not find any alcohol or other contraband. *Id*. Scheveck was transported to the police station where Scheveck had a blood sample taken. *Id*. Scheveck's blood alcohol content was .000. *Id*. Frederick charged Scheveck with driving under the influence. *Id*. Scheveck posted $500 bail and later that day had to pay $250 to retrieve his car from the police impound. *Id*. After Scheveck appeared in court and had a public defender appointed, charge against Scheveck was dismissed. *Id*.

Scheveck alleges that Frederick violated his Fourth Amendment right to be free from unreasonable search and seizure when Frederick arrested Scheveck for driving under the influence without probable cause. *Id*. at ¶ 6. Scheveck further alleges that Frederick's supervisor violated his constitutional rights when he "ratified Frederick's violation." *Id*. at ¶ 7. Scheveck also alleges that the City of Boise violated his rights because of its failure to train and supervise Frederick. *Id*. at ¶ 8.

Pursuant to Fed. R. Civ. P. 12(b), Defendants have filed a motion to dismiss on the basis that Scheveck failed to file his lawsuit within the applicable period of limitations, Idaho Code § 5-219(4).

## II. Defendants' Motion to Dismiss

**A.** *Standard*

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as a true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausability standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and probability of 'entitled to relief.'" *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

In the context presented here, the Court must determine whether "the running of the statute is apparent on the face of the complaint." *Id*. (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) and citing *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.")).

B.   *The Statute of Limitations Bars Scheveck's Claims*

The time period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1924, not applicable here). Idaho Code § 5-219(4) contains a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations. *Samuel v. Michaud*, 980 F.Supp. 1381, 1410 (D. Idaho 1996), *aff'd* 129 F.3d 127 (9th Cir. 1997). *See also Matthews v. Morgan*, 2009 WL 9151070, *1 (Idaho Ct. App. Sept. 9, 2009) (for claims brought under § 1983, the forum state's statute of limitations for personal injury actions governs and Idaho's limitation period for personal injury actions is two years under I.C. § 5-219(4)).

Although the Idaho statute of limitations governs the time period in which a claim must be filed, federal law determines when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). For this case, a claim accrues when the plaintiff knows, or should know, of the injury that forms the claim. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). That is, once a potential claimant knows the "critical facts of his injury, which are that he has been hurt and who has inflicted the injury," the cause of action accrues. *Bibeau v. Pacific Northwest Research Found., Inc.*, 188 F.3d 1105, 1008 (9th Cir. 1999) (internal quotation and citation omitted). Further, claims based upon alleged illegal search and seizure accrue when the act occurs. *See Rollins v. Cook*, 466 Fed. Appx. 665, 667 (9th Cir. 2012) (claim for illegal search and seizure "accrued on search date"); *Pearce v. Romeo*, 299 Fed. Appx. 653, 655 (9th Cir. 2008) (injury from illegal search and seizure accrues when act occurs); *Venegas v. Warner*, 704

F.2d 1144, 1146 (9th Cir. 1983) ("where false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs") (abrogated on other grounds).

There can be no question but that Scheveck had knowledge of the "critical facts" of the injuries caused by the alleged constitutional violations and who inflicted those injuries as of the date of the incident – January 26, 2013, the date of his arrest for driving under the influence, and the date of his blood draw and subsequent impounding of his car and posting of bond. He had until January 26, 2015, in which to bring his claims based upon those facts. He filed his Complaint on January 22, 2016.

Scheveck contends that he filed a Notice of Tort Claim (the "Notice"), pursuant to the Idaho Tort Claims Act, against the City of Boise, Ada County, and the State of Idaho, on April 18, 2013, and that the Notice acts as a complaint and was timely filed within the two-year statute of limitations. *See* Pl.'s Resp, Dkt. 12, p. 4. The Idaho Tort Claims Act requires that all claims against the state, or an employee of the state, "shall be presented to and filed with the secretary of state within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later." I.C. § 6-905.

According to Scheveck, a "filing of a Tort Claim commences a civil action because it sufficed as a complaint." He cites to *Hauschulz v. State*, 147 P.3d 94 (Idaho Ct. App. 2006). *See* Pl.'s Resp., p. 3. In *Hauschulz*, the Idaho Court of Appeals considered a pro se prisoner's filing of a "Tort Claim" sent to the Ada County Clerk of Court. *Id*. at 95. On the document, received by the Ada County Clerk before the expiration of the statute of limitations period, the

**REPORT AND RECOMMENDATION- 5**

plaintiff wrote: "This is my attempt to file a Tort Claim under the Idaho Tort Claims Act. I have no access to Idaho law, so I hope this court will accept my complaint/claim?" *Id*. The plaintiff then detailed his allegations and relief sought. *Id*.

Notably, Hauschulz had previously filed a Notice of Tort Claim with the Secretary of State, in compliance with the Idaho Tort Claims Act. *Id*. at 95-96. His "tort claim," however, was sent to the county clerk, whose office also is the clerk of the court, and the Idaho Court of Appeals ruled that his doing so effectively commenced a civil action because the "tort claim" – in that context -- had the "character and nature of a complaint" even though it was captioned as a "tort claim." *Id*. at 99.

Scheveck argues that *Hauschulz* supports his contention that the filing of the Notice of the Tort Claim with the Secretary of State on April 18, 2013, sufficed as a complaint and, therefore, was in compliance with the two-year statute of limitations. However, Scheveck's actions are not the facts of *Hauschulz*. In *Hauschulz*, the Court examined the document in its context when determining whether a civil action has commenced. *Id*. at 98-99. "Idaho courts have long held that the character and nature of a pleading is to be determined from the substance of the facts therein alleged and not from what the pleading may have been designated or called by a party." *Id*. Accordingly, *Hauschulz* is distinguishable from the facts before this Court. The "notice of tort claim" at issue in *Hauschulz* was filed with the county clerk, Scheveck's was not. Idaho law recognizes the commencement of a civil action when a complaint, petition, or application is filed *with the court*. I.R.C.P. 3(b). Scheveck's "notice of a tort claim" was not filed with the court and therefore did not commence a civil action that meets two year statute of limitations found in I.C. § 5-219.

**REPORT AND RECOMMENDATION- 6**

Scheveck also relies upon *Walker v. Shoshone County*, 739 P.2d 290 (Idaho 1987), to argue that "an action brought under the Idaho Tort Claims Act . . . will supersede the two year statute of limitations." It appears that Scheveck contends that the Idaho Tort Claims Act's requirement to file a notice of tort claim somehow trumps the separate provisions of Idaho law that create statutes of limitations for the filing lawsuits.

*Walker* involved a prisoner's death by suicide in a county jail and a subsequent wrongful death action against Shoshone County and the State of Idaho. Shoshone County argued that the six-month statute of limitations found in I.C. § 5-221 (actions on claims made to and disallowed by a board of county commissioners) applied to the wrongful death claim in the lawsuit, which was therefore barred because it had been filed after six months. *Id*. at 291-92. The court disagreed and ruled that the two-year *statute of limitations*[1] in the Idaho Tort Claims Act, I.C. § 6-911 (limitations of actions against governmental entities, including counties), controlled as it was a more specific statute as pertaining to plaintiff's claims:

> Absent a contrary contention, a specific statute will control over a more general one. *Mickelsen v. City of Rexburg*, 101 Idaho 305, 612 P.2d 542 (1980). Here, the Walkers' complaint against the county was grounded in tort, and it is undisputed that the Walkers had to follow the procedures outlined in the tort claims act. Therefore, the more specific statute of limitations, the two year bar of *I.C.* § 6-911, will control. Further, we see no objective reason to apply the shorter statute of limitations. The legislature has enacted rules for determining tort liability of *all* governmental entities. We cannot conceive of a legislative intent to distinguish between counties and all other governmental entities by apply a six-month statute to counties, and a two-year statute to...all other governmental entities.

---

[1] The *Walker* court was addressing the statute of limitations found in the Idaho Tort Claims Act at § 6-911, not the requirement that a notice of tort claim must be filed, when it held that the Idaho Tort Claims Act "superseded" (to use Scheveck's words) the other statute of limitations found at I.C. § 5-221. *Walker* does not address the notice of tort claim requirement at all, other than noting that plaintiffs complied with the requirement and filed a claim with the county prior to commencing their action. 739 P.2d at 291.

**REPORT AND RECOMMENDATION- 7**

*Id.* at 293.

The holding in *Walker* simply does not support Scheveck's contention that his Notice of Tort Claim satisfies the applicable two-year statute of limitations, or that somehow the Idaho Tort Claims Act "supersedes" the statute of limitations applicable to Scheveck's § 1983 claims. Idaho Code § 5-201 states: "Civil actions can only be commenced within the period prescribed in this chapter after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute." Section 5-219(4) then prescribes the two-year statute of limitations applicable to personal injury claims (and, thus, to § 1983 claims). A civil action begins with the filing of a complaint, petition or application with the court. I.R.C.P. 3(b); *see also Northwest Pipeline Corp. v. State, Dep't of Employment*, 928 P.2d 898, 900-01 (Idaho 1996). Scheveck's civil action began on January 22, 2016, when his Complaint was filed (Dkt. 1). That date was more than two years after his claims accrued on January 26, 2013. Therefore his claims are barred under I.C. § 5-219(4).

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (Dkt. 9) be GRANTED.

Pursuant to Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed ten

pages, to another party's objections within fourteen (14) days after being served with a copy thereof."



DATED: **February 2, 2017**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**REPORT AND RECOMMENDATION- 9**