UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LYNDON SCHEVECK,<br><br>            Plaintiff,<br>v.<br><br>THE CITY OF BOISE CITY, DAVID G. FREDERICK, DAVID S. KAURIN, JACOB M. NORMAN, and ANDREW T. HILTON,<br><br>            Defendants. | Case No. 1:16-cv-00036-EJL-REB<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## INTRODUCTION

The United States Magistrate Judge issued a Report and Recommendation in this matter. (Dkt. 15.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. Plaintiff timely filed objections and the Defendants have responded. (Dkt. 16-18.) The matter is ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In

**ORDER - 1**

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

## DISCUSSION

The Court adopts the factual background set forth in the Report and Recommendation. (Dkt. 15.) In his objections, Plaintiff maintains his Complaint and § 1983 claims are timely. (Dkt. 16, 17.) Having reviewed the objections and Defendants

response to the same as well as the entire record in this matter, the Court finds Plaintiff has failed to establish that his Complaint was timely filed. His notice of tort claim to the Defendants is *not* a Complaint and was not filed with the Court. Therefore, the critical pleading for determining if the Complaint was filed within the applicable two year statute of limitations is the filing date of the Complaint with the Court. The Complaint was filed on January 22, 2016 and the alleged violation of Plaintiff's constitutional rights occurred on January 25, 2013. (Dkt. 1.) Therefore, the Complaint is outside the two year statute of limitations for 42 U.S.C. § 1983 claims and must be dismissed with prejudice.

The Court finds the Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same. Simply put, Plaintiff's Complaint is barred by the applicable statute of limitations. Moreover, the Court has reviewed the entire Report as well as the record in this matter for clear error on the face of the record and none has been found. The Court adopts the Report in its entirety and, for the reasons stated therein, the Court will grant the Defendants' Motion to Dismiss.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 15) shall be **INCORPORATED** by reference, **ADOPTED** in its entirety and Defendants' Motion to Dismiss (Dkt. 9) is **GRANTED**.

Dated: **March 10, 2017**

Honorable Edward J. Lodge
United States District Judge

ORDER - 3